The next case today is Chimene Mbagu Nandjou v. Marriott Int'l, Inc. at all. Appeal number 192189. Attorney Schreiber, you can proceed. Good morning, your honor. Again, my name is Raj Schreiber, and I have the pleasure of representing the plaintiff appellant in this case, Ms. Chimene Mbagu Nandjou. She is a U.S. citizen seeking to bring a lawsuit against Marriott and its franchisee hotel in Montreal in the U.S. District Court for the District of Massachusetts for the unfortunate drowning deaths of her husband and their two-year-old child in the pool of the Montreal Marriott. The lower court in this case dismissed the plaintiff's complaint exclusively on grounds of forum nonconvenience, and the plaintiff has appealed. The defendants in their brief raise the additional argument of personal jurisdiction, and the plaintiff appellant has addressed that argument in her reply brief. And if it pleases the court, I would like to first start with the forum nonconvenience question and then move to the personal jurisdiction question. The court has allotted 10 minutes for argument, if it pleases the court, reserve two minutes for rebuttal. For as far as the forum nonconvenience issue is concerned, there is no dispute that Montreal is an adequate forum under the law. There is also no argument here that the lower court was correct in finding that the public interest factors in this case did not warrant dismissal. The lower court's decision hinges solely on its analysis of the private interest factors in this case, specifically issues surrounding the witnesses. Now, as a U.S. plaintiff bringing a suit in a United States court, the plaintiff is entitled to heightened preference, heightened deference, I should say, to her choice of home forum. To overcome that high level of deference, a defendant must show that litigating in Massachusetts is so unfair to it that it amounts to oppressiveness or vexatiousness. And the lower court did not apply this standard in her decision, in the court's decision in this case. The court, in fact, applied a much less stringent standard. The court found that the private interest merely weighed in favor of a Canadian forum. This is not the standard the plaintiff contends that the lower court committed error of law in not applying the correct standard. Apart from that, the plaintiff has identified and disclosed and fully substantiated 19 witnesses in total for whom Massachusetts is the more convenient forum or who reside in Massachusetts and would be subject to compulsory process here. She faces very serious hardship if this case were to have to be litigated in Montreal. The court... Are there liability witnesses located in Massachusetts? Thank you, Your Honor. The actual drowning, the only witnesses to the actual drowning were the children. An Arizona resident who has agreed to appear in Massachusetts voluntarily and who has said that Massachusetts is the more convenient forum for her to do so was the first adult responder. She was the only witness that saw the children pulling their siblings from the pool, pulling their siblings' body from the pool. And she was the first to see the husband, father's body at the bottom of the pool. The plaintiff contends that these are the most essential liability witnesses for her to prove her case as far as their... So the children were very young. Yes. Are they able to be competent witnesses? I would argue yes, Your Honor. They're able to articulate some of the facts of what happened. It's very obviously very traumatic for them, but they do have memory and they have sought treatment to deal with those memories. So to answer your question, yes, Your Honor. But it's not just the children. The Arizona resident was fairly very close on the scene, and she saw the tail end with the children pulling the body from the water, and she saw the... How old was the child? How old? Eight years old. And do we have any indication of what the testimony from the child would be? Well, the child would... Well, in an affidavit form... Is that in the record? The coroner's report notes that the children were the only witnesses in the pool area at the time of the drownings and the only witnesses who observed what had happened. That's the Montreal coroner's report, which his findings... Affidavit in the record that you're referring to? I apologize. Is there a child's affidavit in the record? There is not a child's affidavit in the record, Your Honor. Can you tell me what your theory of negligence is in this case? The theory, the primary theory of negligence is that under Quebec regulations, under their safety standards, a supervisor was required to be at the pool at the time of the drownings. There was no supervisor. In fact, there's no dispute here that there was no supervisor at the pool at the time of the drownings. And our argument is if there had been a supervisor there, they would have been able to obtain assistance or render help to the people who are in danger here. Do you have any other theory of liability here? We have claims against Marriott. This was Marriott's hotel franchisee. Marriott had certain rights to inspect and supervise its franchisee. It had the right to revoke their franchise if this franchisee was in violation of any case against Marriott, not just based on negligent supervision and negligent inspection, but also vicarious liability based on ostensible agency, which is going to require at least three Massachusetts-based witnesses the plaintiff needs to call because those witnesses were Marriott employees that represented two of the plaintiffs and promoted this discount program to them, which they were able to utilize at the Montreal Hotel and contributed to their belief that they were staying at a Marriott-owned and operated hotel. So are those liability witnesses then? They're liability witnesses as to the charge of, well, they're necessary witnesses for the vicarious liability count against Marriott. So when you say that there's no dispute as to the fact that there was no supervision at the pool, do you mean that they conceded that in some type of admission? Uh, no, no, Your Honor. I do not mean that, but the coroner's report and the building inspector's report are available, and the defendant has not raised any issue with conclusions found by either of those individuals. They've produced official reports, and as from the plaintiff's point of view, they don't necessarily—the plaintiff's point of view, she doesn't need to call these witnesses as live witnesses, and I don't see that they offer anything for the defense, or the defense has not said that they do. So when I say undisputed, I mean that, you know, there was a drowning in this case. Responders came. They were unable to save them. There was no supervisor at the pool. There should have been, and these poor individuals who were declared, you know, dead upon arrival at the hospital shortly thereafter, those basic facts, the defendant does not call them. You say you're not going to have to call the coroner or the police prepare as a witness. How are you going to get the reports in? Your Honor, I've laid out in my reply brief the procedure for getting evidence from Canada. It involves getting letters, regulatory, for instance, in Massachusetts, and then— Five minutes remaining. Thank you. There's a procedure where you can go to the Montreal Superior Court and get a court order from that court. Canada is not part of the treaties we have for the exchange of evidence, so there's a special procedure. I've outlined it in a footnote in my reply brief, but what I meant—if those witnesses are unwilling, I think the coroner has suggested that he would not want to appear in Massachusetts. I would plan on deposing that witness, having him identify his case, and attempting to get both his deposition testimony in as an unavailable witness, which I think I could do, and also his official report under the rules of evidence. But the fact that you need both of them as witnesses, doesn't that weigh in favor of Canada being a more convenient forum? Well, I would answer that by saying the plaintiff is on record saying in the lower court that she does indeed offering the evidence of these witnesses. I'm not trying to say that these are witnesses that have no value to the plaintiff's case. They certainly do. What I was, I guess, pointing out or trying to point out, which I didn't do successfully, is the defendant has not pointed to these witnesses and said, we need these witnesses because they call in to dispute the plaintiff's claims,  it occurred to me when I was prepping yesterday that Canada has closed its border to us, at least temporarily. Does that play a role at all in our considerations? Well, that might very well because there would be problems going to Canada, I suppose, if proceedings were to go on in that forum and it required the presence of the plaintiff or any of her Massachusetts witnesses, which are many. So in that respect, I would answer yes, that it could. And the vice versa is also true. We've closed our Canada, I mean, our border to Canadians. It made me wonder if anyone in this case has explored what this situation means for the whole argument. To be forthcoming, I haven't looked at the specific issue, but I understand it could cause cross-border travel for any witness either way. What is the substantive law that applies to this action? Well, my position in this case, and both the parties have retained experts on Canadian law, there appears to be no conflict between Canadian law and Massachusetts law. They offer the same types of legal theories of recovery. All the plaintiff's theories are available under Canadian law, and the same categories of damages are the same in both jurisdictions, although in Canada, the awards are under civil law and by a judge. It is, Your Honor. How about the principles of contributory negligence? Are they similar or the same? I would, my understanding, and again, I'm relying on the experts here, both experts have said that there's really, there's no, the same theories and recoveries are available. I can't recall specifically if my expert spoke to contributory negligence. I would think that would be something that the defendants would want to raise to show that there's evidence in Canada specifically relevant to their defense, uh, which, which they haven't appeared to have done. Um, uh, I don't, I don't know the answer to your, your, your question, Your Honor, but I would think the answer is yes. Are you disputing that Canadian law applies? I, I, what I'm saying is I don't think, I think there's no, there hasn't been shown to be a conflict when I was reviewing this issue. Uh, it looks like there's no conflict if to go through a choice of law analysis, it would have to first, uh, be a conflict. But I think, uh, you know, whether you call it Canadian law or Massachusetts law, as far as the substance of the substance of it, it would, this, the outcomes would be, except for the amount of damage would be the same. And, but on this record, is, are you planning to have the children testify? I mean, does the record show planning to have them testify? Yes. And do we have an idea of what their testimony relates to? Um, well, the testimony essentially would be that, you know, they were in the pool area and they observed. Is there anything in the record that addresses it? Only the coroner's report, which, which says, uh, which says that the children were the only witnesses in the pool area at the time. And they were the ones that would have observed. How old are the children now? How old? Five, four years, I guess, uh, 12 and eight, maybe 13. And have you explored Canada's, uh, uh, competence, children competency laws? I, again, that would be the defendant's burden to show that, you know, Canada is a, is a No, I haven't your honor to answer your question. So it looks like my time is up, but I'm happy to answer any further questions from the panel. Well, you have two minutes for rebuttal, so. All right. Thank you, your honor. Thank you, your honors. So, okay. I wasn't sure if the clerk said time or not. Yes. Uh, attorney Shriver, if you could mute your video and audio, will the court will hear from, uh, attorney Larry. All right. Thank you. May I proceed, your honors? Yes. Good morning, Mr. Larry. Good morning. Uh, let me first begin by acknowledging this truly is a tragic event, which, uh, resulted in the death of a drowning of a father and a son in a hotel pool in Montreal. The beating heart of this case are the alleged acts and or omissions by a Montreal hotel operator, uh, as to its pool operations, as well as it's alleged failed response to an emergency. And finally, the exact circumstances that caused the father's death. It's recognized by the district court and the plaintiff and the plaintiff concedes this given the location of this accident, Quebec law will control these legal principles that was assessed in the public factors. Plaintiff doesn't challenge that. Uh, there is no dispute that all of the material events relating to this accident occurred in Canada. There was no conduct by the defendants in Massachusetts that caused or contributed, uh, to this accident in Canada as recognized by the hotel's policies, emergency response protocol, along with the father's death all reside in Canada. How is that last point true given the children's presence in the pool? I'm sorry, your honor. Is that last point true given the presence of the children at the pool at the time of the accident? Correct. So the children, again, as though to work for an aid, there's been no, there's no record before this court as to what evidence, if any, they would offer as to the liability issues, the negligence issues in this case. They certainly might talk about their experience with their father drowning, but they have no experience in connection with hotel policies and procedures, whether there was appropriate life preservers, whether there was the need for supervisors. They could tell what they saw and what the, and what the conditions were that when the two people drowned. Which would go more to the damages, frankly, it would, I don't see how that would necessarily go to liability proving a case that the hotel was negligent other than that their father drowned. They could testify that there were no lifeguards on duty. Maybe. That's already been conceded. I think that's in one of the police reports that there was no lifeguards on duty. But the thrust, the plaintiff hasn't even presented that. That's not a concession. That's evidence. That's evidence that's been in the record so far. And whether the children are going to rebut that or not, I don't know because there's been no evidence set forth in this case as to what, if anything, the children can recall other than we know that we've been told they're seeking counseling for, you know, dealing with memory issues in this case to begin with. Well, that's because you filed a motion to dismiss, so we haven't gotten very far yet. Well, the court did allow, though, discovery on foreign non-convenience issues with, and that includes the ability to gather facts relating to both the private interest factors, which obviously the court reviewed in much detail and considered the evidence that was gathered, including multiple affidavits from liability witnesses, including the coroner, and that provided information to the court. Did the plaintiff present an affidavit from the children? No, Your Honor. Is there anything in the record that would allow the plaintiff to allege that you have conceded that there was no lifeguard in the pool? Good question, Your Honor. No, there's nothing in the record that would allow them to concede that. There hasn't been any admissions made by, well, Marriott is being treated on a vicarious liability claim, but as to the owner of the Hotel Reluxacorp, there has not. There's been reference as to observations made by fact witnesses who responded to the scene, and then there's obviously the hotel staff that would provide information themselves on their pool operations. Do you know what Canada says about the competency of children to testify? So, our expert, we initially had them look into it. Unfortunately, we never got an answer. We didn't have an affidavit. We didn't know that there was going to be an argument now that the plaintiffs were in fact going to provide material substantive information on liability issues. So, Your Honor, I don't have an answer for you. You say that you don't have notice that they were going to provide material substantive liability. Weren't they listed in the case for finding that Massachusetts was an appropriate forum that they would be liability witnesses? They just listed them as precipient witnesses that they were going to have the wife and the two children. So, precipient witnesses meant that they saw what happened. So, why would you think they wouldn't be liability witnesses? All they would testify to is whether what the conditions were at the pool when the event happened. Well, what I'm saying is whether they were liability witnesses or not, and maybe it could have been inferred, although they were just identified as witnesses. There was no initial disclosures specifically stating that they were going to address hotel policies, procedures, or anything other than the fact that they were there and saw their father drown. I would submit that that does not outweigh the numerous witnesses that the court considered on doing a reasonable balance on the private factors that resulted in determining that, in fact, the private factor strongly favored the alternative form, Your Honor. But could you just also address the witnesses from Massachusetts who would testify to vicarious liability? Yes. First, they weren't identified as witnesses on vicarious liability as to the conduct of Reluxacorp. They were all identified in their briefs as witnesses that would be tied to the plaintiff claims. They walked over to the Boston Copley Marriott and picked up a piece of paper identified as a friends and family discount that Marriott offers for employees and others. There's no indication of why the plaintiff decedent went to the Copley, why he picked that up, but those two witnesses have absolutely no material information whatsoever as to the vicarious liability claim being alleged in this case against Marriott for purported acts or omissions by the hotel owner in Montreal. They have never been offered. Certainly, there's no affidavits. There's been no information at all suggesting as to anything other than what they've argued in their brief, which all went to personal jurisdiction, Your Honor. Wasn't there a vicarious liability claim against Marriott? The claim against Marriott is that they would be held vicariously liable. That's the only complaint. That's correct. So, the only way that could be true is if... Are you saying that that's independent of whether Marriott did anything to contact the plaintiff? That's correct. That's correct. The Copley folks were all tied to whether there was a reaching in, whether there was a purposeful element within the form. The relevance of the vicarious liability issue. That's correct, Your Honor. Yes. With my time, I would like to just... Obviously, the plaintiff is suggesting there was a lower standard applied or an incorrect standard applied by the district court. Their criticism is somewhat selective. They offer no criticism and don't there was an adequate alternative form, nor do they argue that the court acted unreasonably or didn't apply the correct standard to the public interest factors. They now, however, argue that the trial court apparently changed gears and applied a different standard to the private factors, and in doing so, now ask this court to second guess the judgment of the trial court and or to consider the private factors anew. Moreover, their brief does not... One more time. I'm sorry, Your Honor. You intend to raise contributory negligence because we're supposed to be looking at the plaintiff's theory of the case plus any affirmative defenses that the defense offers. So, are you offering contributory negligence? I believe contributory negligence was pled in response. Yes. Again, those all go, Your Honor. I'm still trying to figure out what's undisputed and what the plaintiff is going to have to prove. So, you're not disputing that there was no lifeguard on duty. Are you conceding that Canada requires one? That Canadian law requires a lifeguard to be on duty? I'm not conceding whether they required or not. What I'm suggesting is that they... Of course, there's a challenge to negligence, but the court has found that those factors were neutral. That at this point, given the factors under the private test, which all go to either comparative negligence, conflict of laws, and everything else, they found those to be neutral and the plaintiff hasn't challenged those. Where the thrust of this case is... The coroner's report, after the fact, witnesses are going to be relevant to the issue of liability. Sure. The coroner's report speaks to the fact that he believes that it was a prosthetic in the father's throat that failed and caused or contributed to his drowning. That is a liability issue because it goes to what the cause was of the drowning. So, he did an autopsy? Correct, Your Honor. So, he did an autopsy. He produced a report. He's produced an affidavit that he would not come to Massachusetts. Their star witness, in my opinion, is the Quebec building inspector because I believe they want to rely upon that inspector's report as to his view on what should or should not have been done at the hotel. The court properly recognized, as the court has done in the Interface case, the Irigori case, the Howe case, that this is a third-party witness, that it's not subject to subpoena power, and would not be inclined to testify in Massachusetts. Those are two critical witnesses. The court actually went further. In addition to drilling down on the defendant's witnesses, including the affidavits, the seven of the eight witnesses, all from Canada, who talk about the policies, the emergency response protocols, etc., they actually went further to look at the plaintiff's witnesses and assess this one witness from Arizona who hasn't indicated she wants to come to Massachusetts through an affidavit or otherwise, and her testimony was found to be almost duplicative, if not outweighing those of the Canadian witnesses. Also, they further went and watched the video of the two witnesses who plaintiff contends were key liability witnesses, and it turns out these are after-the-fact witnesses standing outside who observed the father being taken out of the hotel. That's what bothers me, is that you say that the after-the-fact witnesses don't contribute very much, but then there's the only at-the-time witnesses are the children who are from Massachusetts, and then somehow we're supposed to think that they're not relevant to the case. So, I just don't understand what the argument is. I'm sorry, there are seven witnesses that were in the same role as the children, that were there at the scene, that were in the pool, that assisted with life support for the father, that called the hotel to get people to come up to respond to the hotel, that observed those from the hotel respond to the scene. So, those were all identified, their statements were Canadian residents. So, the only non-Canadian residents who were there were the children. So, I think my time has run out, but in conclusion, with respect to how this court has reviewed the public and private interest factors, there has been no showing of an abuse of discretion in connection with the judge's weighing of the factors. The appellant is simply asking this court to second-guess the judgment of the district court, and I've reviewed again quickly as to the court's view of all the material witnesses, and I note that the court really, at this point, there was no evidence set forth as to what evidence these two children might offer at all. So, the fact that he's raising it now, that was not even something that was before the district court. They had the opportunity, I suppose, to present an affidavit, but what the to the appellant, knowing that even though she doesn't live in Massachusetts, because the alternative form is in Canada, she was at home in Massachusetts, but then, and acknowledged a presumption, but also the rebuttable presumption as this court has identified in the interface case, and through the balancing of factors, I found that the litigation was warranted in dismissal in favor of Quebec. Can I ask you one just question, just about authority, which is, is there, can you hear me? Yes. Can you hear me? Yes. Okay. Is there precedent that suggests, or what do you think the best precedent is to suggest that it's appropriate to distinguish between damages witnesses and liability witnesses for purposes of this analysis? Well, we have the Deprecage theory that says that there could be two applications, both as to liability and damages, but in this case, we are looking at the court ways to, through the public and private interest factors, who they must scrutinize the substance of the dispute between the parties to evaluate what proof is required and to determine whether the pieces of evidence cited by the parties are critical. And the court cited to the Irigori case, which confirmed. Yeah, but what I'm asking is when there's the witnesses, some of them would be critical to damages. Understood. I take your argument to be, we don't really have any witnesses on your account from Massachusetts that are critical to showing liability. What I'm saying, what I'm trying to figure out is for purpose of weighing that private part. Sure. The Irigori case would speak to it to the extent that there was a balancing and they identified some liability witnesses in favor of the first form. Still, the majority of them were damages witnesses, which were afforded far less weight. So I don't know if that helps you. I would like to ask you one last question. Also, do you know what the Quebec law is as to whether you have contributory damages or comparative damages? I believe that's a slightly different version of a comparative fault analysis from what the experts had suggested, Your Honor. But they use comparative damages theory rather than contributory. I believe that's true. And I think that's why the court in which that assessment would fall into the public interest factors found it, I guess, to be neutral. And that's why the court found it to be neutral under their assessment. Well, the thing is that if you have comparative damages rather than contributory damages, that would favor the plaintiffs in Quebec. It may. Thank you. Does MAS have comparative or contributory? I'm sorry? I didn't hear you. Does MAS have comparative or contributory? I believe it is comparative. So it doesn't make any difference. And apparently the district court found the same that because that would be under whether there be a conflict of laws. That's one of the issues on public interest factors, whether the court would have to apply foreign law and or whether there might be an application that would create a conflict in legal issues. And they found them to be neutral. Thank you. Thank you, Your Honor. Mr. Schreiber, I think you have two minutes. Thank you, Your Honor. I'll try to move fast. There's a lot to say here. First of all, as to the contention that there is no evidence of what the children's testimony would be, that's just incorrect. On page 514 of the appendix, the coroner's report lays out exactly what they saw. It's a sad story. I won't get into it now. But essentially, they saw the drownings in a very horrific way. It's also laid out in the plaintiff's affidavit. This is all all materials that were submitted in the lower court. The plaintiff, you know, has spoken with her children. She says, you know, I spoke with them. They told me about the drownings. They witnessed the drownings. And in the disclosures, the discovery identifies them as witnesses and explains what their substantive testimony would be. Getting back to something that Judge Barron had sort of related to, there's a third critical liability witness, the Arizona resident. She's given a statement that's on page 695 of the record. So to say that the plaintiff not substantiated her witnesses is incorrect. In fact, it's the defendants who have not substantiated their witnesses. 10 police officers, two EMTs responded to the drownings 20 minutes after the fact. The lower court and the defendant count those among the 25 estimated witnesses, they say, are in Canada. Those witnesses, as far as the plaintiff is concerned, need not be called. There were six medical providers. How many people were present when the accident occurred? There are six civilian respondents who gave statements who responded. The Arizona resident was the first to respond. When the drowning itself happened, not responding after the drowning, when the drowning itself happened, how many people were present? There were only two people other than the decedents in the pool area. Those were the plaintiff's two children. Okay, thanks. All right. The Arizona resident was the next witness who saw them pulling the body from the water. Are the children able to give testimony on the issue of liability? Yes, Your Honor. Apparently, according to the coroner's report, they have a report of what happened in the pool area, which would have had to have come from the children. So they have given evidence to the coroner. Your opponent says there were seven people in the pool area. No, no, that's incorrect. There were not. The coroner's report says all of those people that he refers to were not in the pool area. That's specifically in the record. I think the point is that those people all came right after the drowning to assist afterwards. There were seven. When the actual drowning occurred, it was the children and the people who died. The Arizona witness came slightly before the balance of the witnesses came. Yeah, but putting aside everybody who came after the drowning, at the time of the drowning, it was two people who drowned and two children, and that's it. Yes, that's absolutely correct, Your Honor. I'll also just point out... So what can the children offer on the issue of liability? The fact that they witnessed a doesn't mean that anyone is liable. Are they able to say there were no lifeguards or there was no one from the hotel who can respond? Exactly, Your Honor. That's precisely the point. They are the key witnesses, key liability witnesses. Same with the Arizona resident who can testify much to the same, although she did arrive a little later after the fact. But yes, Your Honor, they can testify to the fact that there was no supervision at the pool and the fact of the drownings occurring. How long it took, presumably, for anyone to get there to help? 20 minutes for the police and EMTs to get there, so the civilian respondents were the only ones who came up in any quick time. But my time is running out. I just want to... Dismissing the plaintiff's case because of the hardships that the defendants raised just places it on the plaintiff at this point. The lower court recognized she's a single mother, limited financial means, and she has 19 witnesses that she needs to call damages or liability witness. I think there's no difference between what evidence she needs to prove her case. As far as an expert witness, that's a different story. Like in, I think it was Irigori, there were two witnesses the plaintiff had in Massachusetts, but this court rightly noted that experts get paid to go where they're told to go, and that wasn't an issue. This case is not Howe versus Goldcore. That was one U.S. witness, 12 in Canada. It's not interfaith partners. There were 29 witnesses in Israel, none in Massachusetts. 10 of those witnesses, unlike the situation here, provided affidavits and interfaith partners saying, disputing the plaintiff's claim. So they were material far beyond any case, I think, that I can see that's been before this court. If it crudely put a 19 to 25 witness split here, I don't think any court has come down and say that warrants dismissal of a case. This case is closer to Novak v. Tack Howe, which I know your honors are familiar with. It's just factually similar here in a case where, although there were key witnesses in Hong the defendants had not met the burden of showing that litigating in Massachusetts was oppressive and vexatious to them. So I went on a little bit. I'm sorry. I see my time is up. If there's any questions, I'd be happy to address them. Thank you. Thank you, your honors. Thank you. That concludes the argument in this case.